OWEN F. GALLAGHER *vs.* FRANK P. EARLY, *et al.*

APRIL 12, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. The appellants are before us on appeals from two decrees of the superior court; one, denying the appellants permission to become parties in this suit; and the other, discharging the trustees under the will of Thomas H. Early.

There is no dispute between the parties as to the facts in the case. They are as follows. Thomas H. Early died June 10, 1925, leaving a will which disposed of a substantial estate with both real and personal property. The third clause of the will specifically devises three lots of land to his brother, Joseph C. Early; the fourth clause specifically devises one lot of land to his cousin, Ella D'Arcy; and the twenty-third clause leaves the rest and residue of his estate, both real and personal, in trust for the benefit of the persons therein named or identified, which trust was to be administered by his trustee, according to its terms, for a period of

ten years from the testator's death, at the expiration of which time the trust was to terminate and the trust estate was to be distributed free of any trust among those who would be entitled to that estate at that time. The will names Owen F. Gallagher executor and also trustee of the residuary trust.

The appellant Delia J. Early is the sole beneficiary under the will of her deceased husband, Joseph C. Early, whose estate has been fully administered according to law. The appellants Thomas H. D'Arcy, Maria Louise Stearns and Rose Martin are all the heirs at law of the late Ella D'Arcy.

At the time of the testator's death, the lots of land specifically devised to Joseph C. Early and Ella D'Arcy, together with two other parcels of land that are not involved in these proceedings, were subject to a mortgage that the testator himself had placed upon that property for his own purposes. Gallagher duly qualified as executor and administered the estate, including the payment of interest on the above mortgage, until September 13, 1927, when he filed a final account containing a waiver of notice signed only by Gallagher, as trustee, and by the two residuary devisees, who were the beneficiaries of the trust at that time. No notice of the filing of this account was given to either Joseph C. Early or Ella D'Arcy, the ancestors in title of these appellants. The final account, so filed, was allowed by the probate court on September 14, 1927 and the executor discharged.

Thereafter, Gallagher administered the residue of the estate as trustee under the twenty-third clause of the will until July 28, 1934, when he brought this suit praying that his account as trustee be allowed, that he be permitted to resign, and that he be discharged. By decree dated November 30, 1934, Gallagher's resignation as trustee was accepted by the court and two new trustees, Fergus J. McOsker and Hoyt W. Lark, were named in his place and stead. It is to be noted here that Gallagher's account as trustee was not

allowed, so that his account and his discharge as trustee are still open issues in this case.

The new trustees, McOsker and Lark, after making two payments of interest on the mortgage, stopped paying such interest because the personal property of the trust estate was exhausted and the income from the real estate in trust was barely sufficient to meet the carrying charges on that property. According to the will, the trust was to terminate ten years after the testator's death, or June 10, 1935. The appellants first acquired knowledge that the new trustees had refused to pay any further interest on the mortgage when they were notified to this effect by the mortgagee in December 1935. They then retained counsel, who secured confirmation of such refusal from the then trustees themselves.

On January 4, 1936, P. Frank Early, one of the two beneficiaries of the trust, entered into a written agreement with his co-beneficiary, Mary F. McOsker, to sell her his interest in the trust estate, whereupon she "took full charge of the management of the property and the trust activity ceased." On April 13, 1936, Fergus J. McOsker, writing for the trustees, advised the appellants' attorneys of this contract of sale between the beneficiaries of the trust, and further informed them that the trustees were going to convey "the entire residuary estate which consists only of real estate" to those residuary beneficiaries. On April 15, 1936, counsel for the appellants notified the trustees by letter that the appellants protested against "such action on the part of the trustees until the mortgage" was paid.

There being no personal property left in the trust estate, the trustees, on May 13, 1936, formally conveyed the real estate in the trust to the residuary beneficiaries, P. Frank Early and Mary F. McOsker, and took general releases from them. That same day the former performed his contract to sell his interest in the trust estate to the latter. The following day the trustees filed a petition in this suit praying that they be discharged as trustees, and shortly thereafter these

appellants moved that they be made parties to the proceedings, in accordance with general laws 1923, chapter 339, sec. 12. The hearing on this petition and motions resulted in the two decrees that are now before us for review.

The appellants contend that in the circumstances of this case, Gallagher, as executor under the will, was obligated in law to exonerate the lots specifically devised to Joseph C. Early and Ella D'Arcy from the burden of the mortgage, which the testator himself had placed on those lots, out of whatever property, personal or real, fell into the residuary estate, irrespective of the form that such estate assumed. As authority for this part of their contention, they rely on *Gould* v. *Winthrop,* 5 R. I. 319.

They further contend that the mortgage in question remained a charge upon the testator's residuary estate, whether personal or real, until the mortgage was paid or otherwise released, and that Gallagher, as trustee, had the implied power of an executor to pay the mortgage out of the residuary trust estate which came into his hands as trustee under the twenty-third clause of the will, citing *McAuslan* v. *Union Trust Co.,* 46 R. I. 176, 185. The appellants argue that it is inequitable to allow the residuary beneficiaries to profit by a mere change in the character of the administration of the residuary estate, especially since their ancestors in title were not parties in effecting that change, and since they themselves were lulled into inaction by the continued payment of interest on the mortgage by the original and succeeding trustees.

The appellants further contend that the new trustees, McOsker and Lark, stand in the same position and succeeded to all the duties and obligations of Gallagher, the original trustee, citing 65 C. J. 674, 675. They urge in their argument on this point that the residuary estate which came to McOsker and Lark as trustees continued to be charged with the mortgage debt, and that they, by making two interest payments on the mortgage, had recognized that

this estate was so charged. They then argue that their duty, as succeeding trustees of the trust created by the will, was to administer the trust estate in conformity with the intention of the testator according to law: and that by conveying the real estate in the trust to the residuary devisees without discharging the mortgage, the trustees gave such devisees an unjust advantage to the detriment of these appellants, the successors in title of the specific devisees in the will.

The rescript of the trial justice, in which he grants the petition of McOsker and Lark, discharging them as trustees, and also denying the motions of the appellants to be made parties in this cause, shows that both the trustees' petition and the appellants' motions were heard by him at the same time. The decrees which were subsequently entered merely give effect to these rulings. It is quite clear that the appellants were not parties in this cause when the decree granting the petition for discharge by the trustees, McOsker and Lark, was entered. Under these circumstances, they are not entitled to an appeal from that decree. It is likewise clear that such decree discharging those trustees does not bind these appellants, if it sufficiently appears that they are "interested in the subject matter of the suit or proceeding" as to entitle them to become parties in this cause. G. L. 1923, chap. 339, sec. 12. The appellants' appeals from the decree granting the petition of the trustees, McOsker and Lark, for discharge is, therefore, dismissed without prejudice.

An examination of the undisputed facts before us and of the authorities cited by the appellants furnish sufficient grounds to warrant them in claiming that they are interested parties, and, therefore, they should have been permitted to become parties in this cause under our statute, whose object is to promote the convenient administration of justice and to prevent a multiplicity of suits. Their claim of exoneration from the burden of the mortgage out of the residuary estate,

irrespective of the form and by whom that estate was being administered, advances the claim of a direct and not a remote interest. See *Warren* v. *Providence Tool Co.*, 21 R. I. 488. The appellants' contentions as above outlined raise important issues which should be heard and determined on their merits at a full hearing in the superior court with all the necessary parties before the court.

The finding by the trial justice denying the appellants' right to exoneration was prematurely and summarily made. As all the necessary or interested parties for the determination of that issue were not before the court at that time, such finding has no binding effect in future proceedings on this issue. The only question which the trial justice then had before him was whether, on the facts submitted for his consideration, it reasonably appeared that the appellants had a sufficient "interest" within the meaning of the statute as to entitle them to be made parties in the case, so that they might later litigate the question of exoneration on its merits when all parties in interest were actually before the court. We are of the opinion that the appellants are entitled to become parties in this cause without prejudice to any rights of Gallagher, as executor or trustee under the will, or of Mc-Osker and Lark, the new trustees, or of any other person or persons who now are or may hereafter be made parties to this cause. The appeals of the appellants from the decree of the superior court denying them and each of them the right to become parties in this cause are sustained.

The cause is remanded to the superior court for further proceedings.

*Hartigan, Mullen & Roberts,* for complainant.

*Arthur Cushing, Stephen J. Casey,* for Delia Early, *et al.*

*Fergus J. McOsker, Hoyt W. Lark,* for trustees.

*John L. Curran,* for Marie Louise Stearns and Rose Martin.